IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TYRONE GAMBLE, | ) |
| Plaintiff, | ) ) ) ) Case No. 2:23-cv-02660 |
| v. | ) ) ) |
| DOUG WILSON, KEVIN O'BRIEN and COLLIERVILLE CHRYSLER JEEP, | ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING EXTENSION OF DEADLINE**

Before the Court is Plaintiff's Motion to Extend the Service Deadline for Defendant Kevin O'Brien. (ECF No. 15.) Plaintiff argues that he has been "unable to locate the whereabouts of Defendant, O'Brien, therefore, service attempts to date have been unsuccessful[,]" and requests an extension of the deadline for service to February 15, 2024. (ECF No. 15.)

Plaintiffs are entitled to "appropriate" extensions of the service period "upon showing good cause for the failure to effect timely service. Fed. R. Civ. P. 4(m); Beyoglides v. Montgomery County Sheriff, 166 F. Supp. 3d 915, 917 (S.D. Ohio 2016) (citing Osborne v. First Union Nat'l Bank, 217 F.R.D. 405, 408 (S.D. Ohio 2003)). "Even in the absence of good cause, the Court maintains discretion to grant an extension of time to effectuate service of process." Id. (citing Wise v. Dep't of Def., 196 F.R.D. 52, 56 (S.D. Ohio 1999); Freeman v. Collins, No. 2:08-

1

CV-71, 2011 WL 4914837, at *4 (S.D. Ohio Oct. 17, 2011)). Good cause may be shown when Defendant has evaded service of process. <u>United States v. Oakland Physicians Medical Center, LLC</u>, 44 F.4th 565, 569 (6th Cir. 2022). Here, Plaintiff has not alleged that Defendant O'Brien has evaded service of process but has merely argued that they have been unable to locate him. Therefore, Plaintiff has not demonstrated good cause.

In the absence of good cause, district courts should consider seven factors when deciding whether to grant a discretionary extension of time: 1) whether an extension of time would be well beyond the timely service of process; 2) whether the extension would prejudice the defendant; 3) whether the defendant had actual notice of the lawsuit; 4) whether the court's refusal to extend time substantially prejudices the plaintiff; 5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; 6) whether the plaintiff is a pro se litigant deserving of additional latitude; and 7) whether any equitable factors exist that might be relevant to the unique circumstances of this case. <u>Oakland Physicians</u>, 44 F.4th at 569. Here, filings from all parties are bare, but no facts alleged suggest that a refusal to extend time substantially prejudices Defendant O'Brien. The allegations in the Complaint and filings suggest that Plaintiff will be prejudiced by failure to serve process on Defendant O'Brien—Plaintiff alleges that O'Brien was one of his managers at the time of the alleged retaliation, and as such, O'Brien's representations and defenses are likely necessary for full resolution of this case. Plaintiff argues they have made "service efforts to date," which suggests a good faith effort to effect service of process. (ECF No. 15.) The extension of time is significant—30 days after the 90-day process deadline. Defendant O'Brien likely has actual notice of the lawsuit: while Kevin O'Brien has not appeared, the Complaint alleges he is an employee or former employee of Defendant Collierville Chrysler Jeep, and the Motion to Dismiss filed by Collierville Chrysler Jeep and Doug Wilson notes that "[u]pon information and belief, Defendant Kevin O'Brien has

2

not been properly served with process . . . [and] reserves the right to file a pre-answer responsive pleading. . ." (ECF No. 12 at PageID 45.) Plaintiff is not a pro se litigant, but the equitable factors unique to this case weigh in favor of granting an extension of the service deadline: Plaintiff is a former employee of Defendants alleging retaliation and is less-resourced than collective Defendants.

Given that Plaintiff would be prejudiced by a denial of extension, that Kevin O'Brien likely has actual notice of the lawsuit, that Plaintiff has likely made a good faith effort to effectuate service, and that the equitable factors in this case weigh in favor of granting an extension, the Court **GRANTS** Plaintiff's Motion for Extension. Plaintiff shall effectuate service of process to Defendant Kevin O'Brien no later than **February 15, 2024.**

**SO ORDERED**, this 24th day of January, 2024.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE